FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 13  A II: 37

CLERK _L. LaVictire_
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ALVIN LAVON MOORE,                  :
                                    :
            Petitioner,             :
                                    :
    vs.                             :        CIVIL ACTION NO.: CV206-116
                                    :
R. L. JAMES, Community Corrections  :
Manager, and R. E. HOLT, Regional   :
Director,                           :
                                    :
            Respondents.            :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alvin Lavon Moore ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Respondents filed a Return on the Court's Order to Show Cause. On September 20, 2006, Petitioner was transferred to a Community Corrections Center ("CCC"). Respondents subsequently filed a Supplemental Return on Order to Show Cause, and Petitioner filed a Response. For the following reasons, the petition for writ of habeas corpus should be **DISMISSED**.

### STATEMENT OF THE CASE

Petitioner is currently serving a 186 month aggregated sentence for bank robbery and violation of supervised release. Petitioner originally asserted that Bureau of Prisons officials erred in scheduling the time when he was to be placed in a CCC. Petitioner

AO 72A
(Rev. 8/82)

sought in his habeas petition, filed May 30, 2006, to be placed in the CCC beginning on June 20, 2006, as opposed to September 20, 2006, the date on which he was scheduled to be transferred to the CCC.

In their Return on Order to Show Cause, Respondents initially alleged that Petitioner had not exhausted his available administrative remedies. However, because Petitioner was subsequently released to a CCC on September 20, 2006, Respondents now contend that his petition should be dismissed as moot.

## DISCUSSION AND CITATION TO AUTHORITY

The jurisdiction of the federal courts to entertain a petition for habeas corpus hinges on whether the petitioner's challenge is moot. Article III, Section 2 of the Constitution requires a live case or controversy, meaning that throughout the litigation, the petitioner must have "suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990). Thus, this Court must decide whether Petitioner has suffered an actual injury that can be redressed by a favorable decision in this Court.

Here, Petitioner sought relief in the form of placement at a CCC for the last six months of his sentence. As noted previously, he is now in residence at a CCC. Even if this Court were to render a decision in his favor, it would provide no redress for any injury he may have suffered. See Church of Scientology of California v. United States, 506 U.S. 9, 12, 113 S. Ct. 447, 449, 121 L. Ed. 2d 313 (1992) (holding that dismissal is appropriate where event occurs during pendency of case that makes it impossible to grant effectual relief). In short, Petitioner's habeas action has been rendered moot by his placement in a

2

AO 72A
(Rev. 8/82)

CCC. Accordingly, his petition must be dismissed. All pending motions should likewise be denied as moot.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**. It is also my **RECOMMENDATION** that Petitioner's Motion for Summary Judgment (Doc. No. 17), which is currently pending before this Court, be **DISMISSED** as it is now moot.

**SO REPORTED and RECOMMENDED**, this _13_ day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3