IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ALVIN LAVON MOORE,

    Petitioner,

vs.

CIVIL ACTION NO.: CV206-116

R. L. JAMES, Community Corrections
Manager, and R. E. HOLT, Regional
Director,

    Respondents.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his objections, Petitioner contends that this action presents a live controversy because he has suffered "actual injury" in having been denied an earlier assignment to a Community Corrections Center ("CCC"). Petitioner contends that he has an "interest in the grant of $2,500.00 for each day of the 3 month deprivation of CCC placement" and that this interest is a "collateral consequence sufficient to prevent mootness." (Doc. No. 64, p. 6).

Contrary to Petitioner's objections, this habeas action has been rendered moot by his release from custody. A writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner is admittedly no longer even allegedly in custody in violation of the Constitution or federal

AO 72A
(Rev. 8/82)

laws. A favorable decision for Petitioner by this Court, releasing him from alleged unlawful custody, would not afford Petitioner the relief he seeks and would provide no redress for the alleged injuries he has suffered.

Release from custody renders the habeas action moot unless the petitioner can show the existence of some collateral consequences arising upon the expiration of his sentence. Spencer v. Kemma, 523 U.S. 1, 14, 118 S. Ct. 978, 986, 140 L. Ed. 2d 43 (1998). Petitioner contends that the failure to assign him to a CCC resulted in specific injuries that constitute actual collateral consequences. He argues that he suffered the "deprivation of irretrievable community readjustment time" including "time with family, employment, social amenities, etc." (Doc. No. 64, pp. 4-5). However, the mere possibility of future consequences is too speculative to give rise to an actual case or controversy. See Spencer, 523 U.S. at 7-8, 118 S. Ct. at 983-984. In Spencer, the Supreme Court dealt with a similar situation, where a habeas petitioner challenged the revocation of his parole. Based on the fact that the petitioner had been released from custody, the Court held that no case or controversy existed. Since the additional incarceration the petitioner incurred as a result of the allegedly wrongful termination of parole was over, and since there were no "collateral consequences" of the parole revocation, the Court found the petition moot.

Similar circumstances exist in the case sub judice, as Petitioner's complaints regarding placement at a CCC became a non-issue the day he was released from custody. Petitioner no longer faces actual injury, and there is no reasonable expectation that the alleged wrong will be repeated. There is no case or controversy in existence under Article III, § 2, of the United States Constitution.

2

AO 72A
(Rev. 8/82)

Petitioner's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 1st day of November, 2006.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)